# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __FLORIDA - Miami Division__

UNITED STATES OF AMERICA
V.
RICHARD W. WATERS

**Date of Original Judgment:** 08/28/02
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 01-6280-CR-GOLD
Dennis Kainen, Esquire and Alan L. Weisberg, Esquire
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
X  Modification of Restitution Order (18 U.S.C. § 3664)

FILED by ___ D.C.
SEP 30 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**
X  pleaded guilty to count(s) one of the indictment.
☐  pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐  was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1014 & 2 | Making a false statement to a federally insured financial institution. | 06/06/96 | 1 |

The defendant is sentenced as provided in pages 2 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s) 2 X is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 02/09/43
Defendant's USM: 56000-004
Defendant's Residence Address:
53 Castle Harbor Isle

Ft. Lauderdale, Florida

Defendant's Mailing Address:
53 Castle Harbor Isle, Ft. Lauderdale, Florida

September 23, 2002
Date of Imposition of Judgment

_Signature of Judicial Officer_

ALAN S. GOLD, United States District Judge
Name and Title of Judicial Officer

September 26, 2002
Date



AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __6__

DEFENDANT:     **RICHARD W. WATERS**
CASE NUMBER:   01-6280-CR-GOLD

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   21 months.              .

X   The court makes the following recommendations to the Bureau of Prisons:

   *1) The defendant be designated to the Satellite Camp of F.C.I. Miami, Florida.

    2) The Court hereby incorporates a three page medical report of Dr. Michael P. Feanny for consideration by the Bureau of Prisons.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    X  before 2 p.m. on   October 15, 2002.             .
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RICHARD W. WATERS
CASE NUMBER: 01-6280-CR-GOLD

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT: RICHARD W. WATERS
CASE NUMBER: 01-6280-CR-GOLD

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall maintain full-time, legitimate employment and is not to be unemployed for a term of more than 30 days unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation including, but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the U.S. Probation Officer.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

The defendant shall not apply for, solicit, or incur, any further debt, included but not limited to, loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

AO 245C   (Rev. 3/01) Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: RICHARD W. WATERS
CASE NUMBER: 01-6280-CR-GOLD

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 2,907,884.79 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Courts[1] | | $2,907,884.79 | |
| | | | |
| **TOTALS** | $ _____ | $2,907,884.79 _____ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

---

[1] The Clerk of Court shall forward the payments to the victim of the offense in this case.

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
           Sheet 6 — Scheduled Payments                                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   6

DEFENDANT:       RICHARD W. WATERS
CASE NUMBER:     01-6280-CR-GOLD

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  **X**  Lump sum payment of   100.00   due immediately, balance due

☐ not later than _____, or
**X** in accordance with  ☐ C,  ☐ D, or  **X** E below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  **X**  **Special instructions regarding the payment of criminal monetary penalties:**

*The defendant shall pay $10,000.00, upon the sale of his residence and within 90 days after the closing. During the period of incarceration, if the defendant has the ability to participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP), the defendant shall pay 50% of his BOP earnings toward the restitution debt. The defendant's participation in the IFRP does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation.

*Upon release from incarceration, the defendant, shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter the payment schedule in the interest of justice. The U.S. Bureau of Prisons, U.S. Probation Office, and the U.S. Attorney's Office shall monitor the payment of restitution and assess and report to the Court any material change in the defendant's ability to pay.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

August 19, 2002  1:23 PM    X-Med (Medical Records)                   Page:   1
                        TOTAL ORTHOPAEDIC CARE, PA

Account No: WA00129        RICHARD WATERS
                                    01/18/2000

PATIENT:           RICHARD WATERS    #WA00129
AGE:               56 YRS.

PHYSICAL EXAMINATION: The patient returns with the MRI of his left knee. The MRI of his left knee is abnormal and shows evidence of a meniscal tear in the proximity of the posterior horn of the lateral meniscus and remnants of the medial meniscus that may also be torn. There are degenerative chondromalacic changes. There is a small area of focal osteonecrosis in the lateral femoral condyle and a cystic lesion laying medial to the tibial plateau below the medial meniscus. It looks like a meniscal cyst.
Clinically, this cyst is palpable and slightly tender. You can actually feel the cyst just medial to the medial joint line. He has crepitation and limited range of motion in the knee. The problem of concern is that there is a fair amount of degenerative change in the joint, and although he may have a meniscal tear, the long term status of this joint is of concern. He is currently taking Celebrex.
His second complaint today is his right shoulder. He has had increasing pain in the shoulder with limited ability to raise his right arm overhead. He has no previous shoulder problems. Clinically, he has a very palpable and audible snap as he abducts his shoulder with a defect felt in the rotator cuff. He has no clinical weakness of the cuff. He has no instability, but he does have painful arc syndrome.
X-RAYS: X-rays show degenerative changes of the acromioclavicular joint. The remainder of the shoulder appears normal.

ASSESSMENT & PLAN: I suspect he also has an acute rotator cuff tear. We will obtain an MR scan of the shoulder as well. He will continue with Celebrex. I will reassess him with the scan. This will determine the approach we should take in the treatment of his various ailments.

MICHAEL P. FEANNY, M.D., F.R.C.S. (C)
MPF/kms

August 19, 2002  1:23 PM    X-Med (Medical Records)                            Page:    1
                            TOTAL ORTHOPAEDIC CARE, PA

Account No: WA00129    RICHARD WATERS
                           ──────── 02/10/2000 ────────

PATIENT:        RICHARD WATERS    #WA00129
AGE:            57 YRS.
DIAGNOSIS:      ROTATOR CUFF TEAR RIGHT SHOULDER, INTERNAL
                DERANGEMENT LEFT KNEE

PHYSICAL EXAMINATION: The patient returns. He is maintaining his
left knee relatively well with Celebrex. The MRI scan of the right
shoulder shows a complete tear of the supraspinatus tendon at its
insertion. The tear is not retracted at this point.

ASSESSMENT & PLAN: The recommendation is to proceed with repair of
the rotator cuff. As I have explained to him, it will take about
three months to recuperate from this surgical event. However, if he
does not have the surgery, the shoulder problems will likely
persist. He is going to decide what to do and will let me know. If
we do this, we will probably scope his left knee at the same time
and do a debridement of the joint.

The evaluation was dictated in the presence of the patient.


MICHAEL P. FEANNY, M.D., F.R.C.S. (C)
MPF/kms
cc: Atty.

August 19, 2002  1:22 PM       X-Med (Medical Records)                      Page:    1
                         TOTAL ORTHOPAEDIC CARE, PA

Account No: WA00129       RICHARD WATERS
                                    — 10/18/1999 —

PATIENT:              RICHARD WATERS       #WA00129
AGE:                  56
DATE OF INJURY:
REFERRING:            PR
DIAGNOSIS:            LUMBAR SPRAIN, INTERNAL DERANGEMENT LEFT KNEE

PHYSICAL EXAMINATION: The patient arrives today for follow-up. His
left knee is still symptomatic. No swelling, but persistent pain
with medial joint line discomfort, ROM is quite good, he has no
clinical ligament instability. He does have medial joint line
tenderness with crepitation.

ASSESSMENT & PLAN: To give him some relief, I have injected the
knee with Celestone since he has not responded to the Relafen. His
lower back still bothers him with pain radiating along both
tenderness thighs. SLR causes backache. He is neurologically
intact. His is on therapy, and I have changed him to Celebrex as an
anti-inflammatory to see if this is more effective for him. We will
reassess him in 3-4 weeks to see how he responds.

The evaluation was dictated in the presence of the patient.


MICHAEL P. FEANNY, M.D., F.R.C.S. (C)
MPF/kms